Andrew Rick LOPEZ, Petitioner–Appellant,

v.

WARDEN CORCORAN STATE PRISON, et al., Respondents–Appellees.

No. 02–16861.

D.C. No. CV–01–01577–FCD.

United States Court of Appeals, Ninth Circuit.

Submitted June 9, 2003.*

Decided June 17, 2003.

Before RYMER, THOMAS and SILVERMAN, Circuit Judges.

MEMORANDUM **

California state prisoner Andrew Rick Lopez appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas petition, which challenges a prison disciplinary finding. We have jurisdiction pursuant to 28 U.S.C. § 2253(a), and we affirm.[1]

Lopez filed this case as a § 2254 habeas petition, but his petition challenges a prison disciplinary finding for lack of evidence and seeks expungement of his prison record, injunctive relief, and damages. These

* This panel unanimously finds this case suitable for decision without oral argument, and we deny Lopez's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Lopez's motion regarding legal mail, filed April 14, 2003, is denied.

allegations alone do not create a habeas claim. *See Heck v. Humphrey,* 512 U.S. 477, 481, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (stating that a habeas corpus claim exists when a state prisoner "challenges the fact or duration of his confinement and seeks immediate or speedier release") (discussing *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)). Thus, we affirm the district court on the grounds that Lopez's petition does not state a claim cognizable on habeas.[2]

AFFIRMED.

---

2.  We express no opinion on whether Lopez's allegations may give rise to a civil rights complaint under 42 U.S.C. § 1983 or a separate habeas petition challenging any subsequent loss of good-time credits or denial of parole; whether either such action would be timely; or on the merits of Lopez's claims.

